Filed 6/10/24  P. v. Williams-Leslie CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

NICOLAS ALEXANDER WILLIAMS-LESLIE,

    Defendant and Appellant.

E082291

(Super. Ct. No. RIF2001174)

OPINION

APPEAL from the Superior Court of Riverside County.  Gail O'Rane, Judge.

Affirmed.

Thien Huong Tran, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## I.

## INTRODUCTION

Pursuant to a negotiated disposition, defendant and appellant Nicolas Alexander Williams-Leslie pled guilty to willfully and unlawfully taking, enticing away, keeping,

1

withholding, and concealing a child (Pen. Code,[1] § 278.5; count 1) and misdemeanor resisting and obstructing a peace officer (§ 148, subd. (a)(1); count 3). In return, the remaining allegation was dismissed and defendant was placed on formal probation for a period of three years on various terms and conditions of probation. About two years later, defendant violated the terms of his probation by incurring new misdemeanor convictions. After he admitted to violating his probation in this case, defendant was reinstated on probation. Defendant later moved to withdraw his guilty plea in the current case. After the trial court denied his motion, defendant appealed from an order after judgment.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, requesting this court to conduct an independent review of the record. In addition, defendant has had an opportunity to file a supplemental brief with this court and has not done so. Based on our independent review of the record, we find no error and affirm the judgment.

## II.

## PROCEDURAL BACKGROUND[2]

On April 15, 2020, a felony complaint was filed charging defendant with willfully and unlawfully taking, enticing away, keeping, withholding, and concealing a child (§ 278.5; count 1), misdemeanor violating child custody and restraining order (§ 166,

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] The underlying factual background is not relevant to this appeal.

subd. (a)(4); count 2), and misdemeanor resisting and obstructing a peace officer (§ 148, subd. (a)(1); count 3).

On August 20, 2020, defendant pled guilty to counts 1 and 3. In return, defendant was promised a grant of probation for a period of three years and dismissal of count 2. Prior to pleading guilty, defendant executed a felony plea form in which he acknowledged the plea agreement and signed and initialed relevant portions of the plea form. In pertinent part, defendant initialed the statements advising him of his constitutional rights, the consequences of the plea, that no one had threatened or pressured him into pleading guilty, and the consequences of violating his probationary terms. He also initialed the statements stating he had adequate time to discuss the plea, his rights, the consequences of the plea, and any defenses with his attorney. The plea form was also signed by the prosecutor and defendant's counsel. The trial court went over the plea agreement with defendant and found that defendant understood his plea form, the nature of the charges, the consequences of pleading guilty, and his constitutional rights. The court also found that defendant's plea and waiver were knowingly, intelligently, and voluntarily given and that there was a factual basis for the plea. Defendant was thereafter immediately sentenced in accordance with his plea agreement, and count 2 was dismissed. He was placed on probation for a period of three years on various terms and conditions of probation, including the condition that he obey all laws, ordinances, and court orders.

It appears that by September 8, 2022, defendant was back in court for allegedly violating probation. Defendant initially proceeded in propria persona and, following numerous court appearances and various motions, was appointed counsel on July 13, 2023.

On July 13, 2023, pursuant to a negotiated disposition, defendant pled guilty in two misdemeanor cases, case Nos. RIM2010940 and RIM2102656, and admitted to violating probation in this case by incurring the new convictions.[3] The trial court went over the plea agreements with defendant, and found that after directly examining defendant, defendant understood the nature of the charges against him and the consequences of his pleas and admission. The court also found that defendant's pleas and admission were freely and voluntarily made and that he knowingly, intelligently, and voluntarily waived his constitutional rights. Defendant was thereafter immediately sentenced in all three cases. With regard to case Nos. RIM2010940 and RIM2102656, defendant was sentenced to time served, and in this case, he was reinstated on probation with an expiration date of June 3, 2026, and additional probationary terms.

On July 17, 2023, defendant in propria persona filed a motion to withdraw his guilty pleas in all of the cases pursuant to section 1018 based on ineffective assistance of counsel, his claim that he was innocent of the charges, his misunderstanding that he could

---

[3] In case No. RIM2010940, defendant pled guilty to misdemeanor driving with a suspended or revoked license (Veh. Code, § 14601.2), and in case No. RIM2102656, he pled guilty to misdemeanor violating a restraining order (§ 273.6). A third misdemeanor case, case No. RIM2209063, was dismissed in the interest of justice (§ 1385) pursuant to the People's motion.

examine the witnesses after pleading guilty, and his claim of having a mental defect that impaired his ability to process information. Defendant in propria persona filed an amended motion to withdraw his guilty pleas, raising the same grounds, on August 15, 2023.

On September 12, 2023, the People filed opposition to defendant's motion to withdraw the guilty pleas, arguing his motion was untimely as to the felony case. The People also asserted that defendant had not shown good cause to withdraw his pleas, that defendant was not ignorant of any fact or law, and that defendant was advised of his constitutional rights and freely waived those rights.

A hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 and *People v. Sanchez* (2011) 53 Cal.4th 80 was held on September 29, 2023, before Judge Steven G. Counelis, regarding defendant's claim of ineffective assistance of counsel. After hearing from counsel and defendant and reviewing the transcript of the taking of the plea, Judge Counelis denied the *Marsden*/*Sanchez* motion, finding counsel was not ineffective.

Also on September 29, 2023, defendant appeared before Judge O'Rane for a hearing on his motion to withdraw his guilty pleas. When the court inquired as to why defendant wished to withdraw his pleas, defendant claimed that his ability to make an informed decision was impaired due to being on his anti-seizure medication. Specifically, he wanted to present witnesses and did not understand he would not be able to do so after pleading guilty. In response to the court's query about the anti-seizure medication, defendant stated that he had taken the medication on occasion, preemptively,

5

if he felt a seizure was coming on, for the past year. On the day he pled guilty, it had been at least two days since he had taken the medication.

The prosecutor noted that she had met with defendant several times since October 2022 and that he never seemed impaired in any way. She explained that defendant always appeared to understand what was going on and was very proactive on his case and that on the day he pled guilty, he was concerned about the criminal protective orders that were in place and wanted to make sure he would still be able to see his child.

Following further argument by defendant, the trial court found no evidence, aside from defendant's own statement, that the anti-seizure medication had any effect on defendant's ability to understand. The court noted that defendant had appeared before the court countless times since September 2022 and that defendant was always prepared and knowledgeable. On the day defendant pled guilty and admitted to violating probation, the court recalled having long discussions with defendant both on and off the record. The court further explained that defendant's counsel also went over the pleas and admission with defendant. The court explained that it was always very cautious and careful to look at the person when taking a plea for any indication that he or she may not understand or is under the influence, and recalled defendant appeared very clear to the court the day he pled and admitted the probation violation. The court noted that in fact, defendant had discussed issues with regards to what he owed on the probation order and the restrictions in regards to visitation with his child. The court thereafter denied defendant's motion to withdraw his guilty pleas and admission in all of his cases. Defendant timely appealed

6

from the present felony case and requested a certificate of probable cause, which was granted.

## III.

## DISCUSSION

After defendant appealed, this court appointed counsel to represent him. Upon examination of the record, counsel has filed a brief under the authority of *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issue of whether the trial court abused its discretion in denying defendant's motion to withdraw his guilty plea.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so.

An appellate court conducts a review of the entire record to determine whether the record reveals any issues which, if resolved favorably to defendant, would result in reversal or modification of the judgment. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442; *People v. Feggans* (1967) 67 Cal.2d 444, 447-448; *Anders v. California*, *supra*, 386 U.S. at p. 744; see *People v. Johnson* (1981) 123 Cal.App.3d 106, 109-112.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

## IV.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

MILLER
J.